# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
## Bradford County

**For Prothonotary Use Only:**

Docket No: _____

*The information collected on this form is used solely for court administrative purposes. This form does not supplement or replace the filling and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

| Commencement of Action: | |
|---|---|
| _ Complaint          √ Writ of Summons | _ Petition |
| _ Transfer from Another Jurisdiction | _ Declaration of Taking |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Sharon Kinner | Portfolio Recovery Associates, LLC |

| Are money damages requested?: √ Yes __ No | Dollar Amount Requested: (Check one) | _ within arbitration limits  √ outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit*?  __ Yes  √ No | Is this a *MDJ Appeal*?  __ Yes  √ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: Michael J. Brooks   Attorney I.D. #: 74630

__ Check here if you have no attorney (are a Self-represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "√" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- __ Intentional
- √ Malicious prosecution
- __ Motor Vehicle
- __ Nuisance
- __ Premises Liability
- __ Product Liability (*does not include mass tort*)
- __ Slander/Libel/Defamation
- __ Other:
  _____

**MASS TORT**
- __ Asbestos
- __ Tobacco
- __ Toxic Tort - DES
- __ Toxic Tort - Implant
- __ Toxic Waste
- __ Other
  _____

**PROFESSIONAL LIABILITY**
- __ Dental
- __ Legal
- __ Medical
- __ Other Professional:
  _____

**CONTRACT** (*do not include Judgments*)
- __ Buyer Plaintiff
- __ Debt Collection: Credit Card
- __ Debt Collection: Other
  _____
  _____
- __ Employment Dispute: Discrimination
- __ Employment Dispute: Other
  _____
  _____
- __ Other:
  _____
  _____

**REAL PROPERTY**
- __ Ejectment
- __ Eminent Domain/Condemnation
- __ Ground Rent
- __ Landlord/Tenant Dispute
- __ Mortgage Foreclosure
- __ Partition
- __ Quiet Title
- __ Other:
  _____
  _____

**CIVIL APPEALS**
Administrative Agencies
- __ Board of Assessment
- __ Board of Elections
- __ Dept. of Transportation
- __ Zoning Board
- __ Statutory Appeal: Other
  _____
  _____

Judicial Appeals
- __ MDJ – Landlord/Tenant
- __ MDJ – Money Judgment
- __ Other:

**MISCELLANEOUS**
- __ Common Law/Statutory Arbitration
- __ Declaratory Judgment
- __ Mandamus
- __ Non-Domestic Relations Restraining Order
- __ Quo Warranto
- __ Replevin
- __ Other:
  _____
  _____

*Updated 1/1/2011*

# IN THE COURT OF COMMON PLEAS OF BRADFORD COUNTY
## CIVIL DIVISION

| | | |
|---|---|---|
| Sharon Kinner | : | No. __2022CV0027__ |
| | : | |
| **Plaintiff** | : | __Trespass__ |
| vs. | : | **Form of Action** |
| Portfolio Recovery Associates, | : | |
| LLC | : | __Complaint__ |
| **Defendant** | : | |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE GO TO OR TELEPHONE THE OFFICES SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

PROTHONOTARY
Bradford County Courthouse
301 Main Street
Towanda, PA 18848
(570) 265-1705

**Attorney for** __Plaintiff__

**Attorney I.D.#** __74630__
**Please type or print name and address**

LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
*Attorney-at-Law*
252 West Swamp Road, Suite 13 Bailiwick Office Campus
Doylestown, Pennsylvania 18902

2022CV0027-0002   10/31/2022 3:10 PM   # 1496345
COMPLAINT IN CIVIL ACTION FILED
Main (Public)

Bradford County Prothonotary

# In the Court of Common Pleas Bradford County, Pennsylvania

| | |
|---|---|
| **Sharon Kinner**<br>2484 Viall Hill Road<br>Wyalusing, PA 18853<br><br>**Plaintiff,**<br><br>v.<br><br>**Portfolio Recovery Associates, LLC**<br>120 Corporate Blvd<br>Norfolk, VA 23502<br><br>**Defendant.** | Docket № 2022CV0027<br><br><br>**COMPLAINT<br>AND JURY DEMAND**<br><br><br><br>*Civil Action* |

## COMPLAINT AND JURY DEMAND

### PARTIES

The Plaintiff, **Sharon Kinner** ("Kinner" or "Plaintiff") is an adult individual resident of the County of Bradford, Commonwealth of Pennsylvania, by way of Complaint against the Defendant, says:

1. Defendant, **Portfolio Recovery Associates, LLC** ("Portfolio Recovery" or "Defendant") is a duly registered Delaware Limited Liability Company, formed March 20, 1996, with offices located at 120 Corporate Boulevard, Norfolk Virginia 23502 and a registered agent address of Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. During all times material hereto, Portfolio Recovery has been conducting business in and about the township of Wyalusing, County of Bradford, and Commonwealth of Pennsylvania.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 42 Pa. C.S. § 931(a).

3. Venue lies with this Court pursuant to Pa. R.C.P. No. 1006 (a) (2) (3) and (4).

4. This Court has personal jurisdiction over the Defendant either because the Defendant

LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
Attorney at Law
(215) 230-3761

resides in Pennsylvania, does business in Pennsylvania and/or has the requisite minimum contacts with Pennsylvania necessary to constitutionally permit the Court to exercise jurisdiction.

5. This action is brought by Plaintiff in accordance with the laws of the Commonwealth of Pennsylvania and the United States of America to recover the compensatory damages that she has sustained, punitive damages, and other supplemental and ancillary equitable relief, as a result of common law torts by the Defendant, all of which have caused Plaintiff to be wrongfully deprived of monies in defending a wrongful action.

## FACTS

6. In the matter *Portfolio Recovery Associates, LLC v. Sharron Kinner*, Bradford County Court of Common Pleas 2018CV0156, ('Lawsuit') Sharon Kinner (Kinner) received a barebones *Complaint* alleging that she had a contract with Synchrony Bank for a credit card, that she incurred various charges in connection with her use of the card, and that some of her payment obligations are outstanding. Plaintiff incorporates by reference paragraphs 3, 5, and 7 of the *Complaint* filed in the Lawsuit on July 27, 2018, which is a matter of public record in the Bradford County Court of Common Pleas, prothonotary, in accordance with *Pennsylvania Rule of Civil Procedure 1019(g)*[1].

7. Upon information and belief, Portfolio Recovery had no intention of proving these debts. The *Complaint* failed to allege the amounts of the charges that are part of the claim, the dates of the charges, credits for payments if any, dates and amounts of interest charges, and dates and amounts of other charges.

---

[1] Any part of a pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action. A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county. *Pennsylvania Rule of Civil Procedure 1019(g)*.

LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
*Attorney at Law*
(215) 230-3761
252 West Swamp Road, Suite 13 Bailiwick Office Campus, Doylestown, Pa 18901

8. As in the underlying matter, "Portfolio Recovery Associates regularly attempted to collect on debts by suing consumers in state courts across the country. In numerous cases, the[y] . . . had no intention of proving these debts. They placed tens of thousands of debts with law firms staffed by only a handful of attorneys and in many cases made no effort to obtain the documents to back up their claims. Instead, the[y] . . . relied on consumers not filing a defense and winning the lawsuits by default." See, https://www.consumerfinance.gov/about-us/newsroom/cfpb-takes-action-against-the-two-largest-debt-buyers-for-using-deceptive-tactics-to-collect-bad-debts/ (Last visited 26OCT2022).

9. Pursuant to Pa. R.C.P. No. 1019(f), a complaint to recover credit card balances must include the amounts of the charges that are part of the claim, the dates of the charges, credits for payments if any, dates and amounts of interest charges, and dates and amounts of other charges. See *LVNV Funding, LlC v. Dougherty*, No. CI-08-00372, slip op. at 4 (Lanc. Co. Feb. 18, 2009); *Chase Bank USA, N.A. v. Rader*, No. CI-08-01186, slip op. at 4 (Lanc. Co. Mar. 17, 2009). See also, *Capital One Bank v. Clevenstine*, 7 D.&C.5th at 155; *Worldwide Asset Purchasing, LLC v. Stern*, 153 P.L.J. 111 (2005).

10. In the Lawsuit, Portfolio Recovery Associates had no intention of proving the alleged debts, failing to offer appropriate documentation of the specific amount of money being sought, failing to have evidence of the amounts of the charges that are part of the claim, the dates of the charges, credits for payments if any, dates and amounts of interest charges, and dates and amounts of other charges.

11. On August 20, 2018, Kinner filed preliminary objections to the *Complaint* noting the *Complaint* failed to allege the amounts of the charges that are part of the claim, the dates of the charges, credits for payments if any, dates and amounts of interest charges, and dates and amounts

LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
Attorney-at-Law
252 West Swamp Road, Suite 13 Bailiwick Office Campus, Doylestown, Pa 18901
(215) 230-3761

of other charges.

12. On November 26, 2018, this Court sustained Kinner's preliminary objections and directed an amended complaint be filed, stating: "This Court holds that more specificity is required for a credit card default complaint in that it should include averments as to specific places, times or transactions that would allow the Defendant to determine the claimed damages." Plaintiff incorporates by reference the *Order* filed in the Lawsuit on November 26, 2018, which is a matter of public record in the Bradford County Court of Common Pleas, recorder of deeds, in accordance with *Pennsylvania Rule of Civil Procedure 1019(g)*[2].

13. On January 15, 2019, Portfolio Recovery filed an *Amended Complaint*, which again fails to produce a statement of account, evidencing the amended claimed damages.

14. On April 6, 2019, Kinner's counsel sent Portfolio Recovery's attorney a letter advising ion part:

> This letter is written pursuant to Pa.R.C.P. 1023.1, et seq., pertaining to sanctions and the Dragonetti Act, 42 Pa.C.S.A. § 8351.
> . . . .
> For all the above reasons, demand is hereby made that the Complaint be withdrawn in its entirety within twenty (20) days from service of this letter.
> Please be advised accordingly, I remain,

15. On May 3, 2019, Kinner filed preliminary objections to the *Amended Complaint* noting the *Amended Complaint* also failed to allege the amounts of the charges that are part of the claim, the dates of the charges, credits for payments if any, dates and amounts of interest charges, and dates and amounts of other charges.

---

[2] Any part of a pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action. A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county. *Pennsylvania Rule of Civil Procedure 1019(g)*.

LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
Attorney at Law
252 West Swamp Road, Suite 13 Bailiwick Office Campus, Doylestown, Pa 18901
(215) 230-3761

16. On September 19, 2019, this Court granted Kinner's preliminary objections striking the *Amended Complaint* and giving Portfolio Recovery thirty days to amend.

17. Upon information and belief, Portfolio Recovery Associates having no intention of proving the alleged debts, on February 28, 2020, discontinued the Lawsuit.

FIRST COUNT
*Dragonetti Act 42 Pa.C.S. §8351*
WRONGFUL USE OF CIVIL PROCEEDINGS

18. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein. This cause of action is pled in the alternative to other Counts herein.

19. The elements of a cause of action for wrongful use of civil proceedings are "the initiation of a lawsuit without probable cause or in a grossly negligent manner and a favorable outcome in that lawsuit." *Ludmer v. Nernberg*, 520 Pa. 218, 222, 553 A.2d 924, 926 (1989); 42 Pa.C.S.A. § 8351(a).

20. The Dragonetti Act specifies that the plaintiff must prove five distinct elements: (1) The defendant has procured, initiated or continued the civil proceedings against him. (2) The proceedings were terminated in his favor. (3) The defendant did not have probable cause for his action. (4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based. (5) The plaintiff has suffered damages as set forth in section 8353. 42 Pa.C.S.A. § 8354.

21. Defendant procured, initiated, and continued the proceeding entitled *Portfolio Recovery Associates, LLC v. Sharron Kinner*, Bradford County Court of Common Pleas 2018CV0156, filing same on July 27, 2018.

LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
*Attorney-at-Law*
252 West Swamp Road, Suite 13 Bailiwick Office Campus, Doylestown, Pa 18901
(215) 230-3761

22. The proceedings were terminated in Sharon Kimmer's favor in that by Order dated September 18, 2019, the Court Ordered the *Complaint* stricken, with thirty (30) days to file an amended complaint. In lieu of filing an amended pleading, Portfolio Recovery, over five months later, on February 28, 2020, filed a *Praecipe to Discontinue*.

23. Portfolio Recovery had no intention of proving the alleged debts, failing to offer appropriate documentation of the specific amount of money being sought.

24. Upon information and belief Portfolio Recovery did not have probable cause for filing the Lawsuit.

25. Upon information and belief, Portfolio Recovery concedes not having probable cause for the action.

26. The primary purpose for which the proceeding was brought was not the adjudication of the claim, but the threat of legal proceedings themselves to intimidate Kinner into a settlement.

27. Kinner has been damaged by Portfolio Recovery's actions incurring legal fees and costs to defend against the frivolous claim, damages for lost wages, harm to her reputation, and the emotional distress caused by her involvement in the legal proceeding.

WHEREFORE, Plaintiff demands judgment:

(a) Directing payment of attorney fees and costs, of $17,775.00 in the matter *Portfolio Recovery Associates, LLC v. Sharron Kinner*, Bradford County Court of Common Pleas 2018CV0156;
(b) Awarding payment of punitive damages;
(c) Awarding payment of attorney fees (to date $3,500.00);
(d) Directing payment of Plaintiff's damages for lost wages, harm to her reputation, and the emotional distress caused by her involvement in the legal proceeding ($10,000.00).
(e) Awarding prejudgment interest; and
(f) For such further relief as the Court may deem equitable and just.

LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
Attorney at Law
(215) 230-3761
252 West Swamp Road, Suite 13 Bailiwick Office Campus, Doylestown, Pa 18901

## SECOND COUNT
## Fair Debt Collection Practices Act
*Plaintiff v. Portfolio Recovery Incorporated and The IFA Group, Inc.*

28. Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

29. Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A) specifically prohibits the false representations of the character, amount, or legal status of any debt. Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5) specifically prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken. Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10), prohibits using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. Portfolio Recovery is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6).

31. Portfolio Recovery made numerous representations to Kinner in connection with attempting to collect a debt arising out of transactions primarily for personal, family, or household purposes.

32. Kinner is natural person obligated or allegedly obligated to pay any debt. Kinner is a "consumer" as that term is contemplated under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a (3).

33. The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. FDCPA, 15 U.S.C. §1692a(5).

LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
*Attorney-at-Law*
(215) 230-3761
252 West Swamp Road, Suite 13 Bailiwick Office Campus, Doylestown, Pa 18901

34. Portfolio Recovery is a "debt collector" as that term is contemplated under the FDCPA, 15 U.S.C. §1692a(6).

35. Portfolio Recovery misrepresented in the Lawsuit that Portfolio Recovery intends to prove the debt, if contested, in violation of the FDCPA.

36. The FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt claimed due, including the use of threats of litigation, Portfolio Recovery represented, directly or indirectly, expressly or by implication, that Portfolio Recovery intends to prove its claims, if contested.

37. In truth and in fact, Portfolio Recovery did not intend to prove its claims, if contested.

WHEREFORE, Plaintiff demands judgment:
(a) Awarding actual and statutory damages;
(b) Awarding payment of attorney fees and costs, of $17,775.00 in the matter *Portfolio Recovery Associates, LLC v. Sharron Kinner*, Bradford County Court of Common Pleas 2018CV0156;
(c) Awarding payment of attorney fees and costs in the present matter pursuant to 15 U.S.C. §1692k, of $3,500 to date; and
(c) For such further relief as the Court may deem equitable and just.

LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
Attorney at Law
252 West Swamp Road, Suite 13 Bailiwick Office Campus, Doylestown, Pa 18901
(215) 230-3761

## JURY DEMAND

Plaintiff demands trial by jury.

## JURISDICTIONAL AMOUNT/ARBITRATION

The Plaintiff hereby certifies that the matter in controversy is for damages in excess of the jurisdictional amount requiring arbitration referral by local rule.

LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
*Attorney-at-Law*
252 West Swamp Road
Suite 13 Bailiwick Office Campus
Doylestown, Pennsylvania 18902
(215) 230-3761

By: _____
Michael J. Brooks, Esquire
Attorney for Plaintiff
Supreme Court I.D. No. 74630

# In the Court of Common Pleas Bradford County, Pennsylvania

Sharon Kinner

**Plaintiff,**

v.

Portfolio Recovery Associates, LLC

**Defendant.**

Docket №. 2022CV0027

**VERIFICATION**

*Civil Action*

## VERIFICATION

I, Sharon Kinner, hereby state that the facts above set forth are true and correct to the best of my knowledge, information and belief and that I expect to be able to prove the same at a hearing held in this matter.

I understand that false statements made herein are subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

Dated: _____

By: _____
Sharon Kinner

LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
*Attorney at Law*
252 West Swamp Road, Suite 13 Bailiwick Office Campus, Doylestown, Pa 18901
(215) 230-3761

# Bradford County Sheriff's Office

## Order For Service

PROTHY NO.   2022CV0027

FROM:
LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
*Attorney-at-Law*
252 West Swamp Road, Suite 13 Bailiwick Office Campus
Doylestown, Pennsylvania 18902
(215) 230-3761

[ ] WRIT    [√] COMPLAINT

[ ] DIVORCE  [ ] OTHER

[ ] DIVORCE  [ ]
OTHER

Sharon Kinner
_____

**Plaintiff**

VS.

Portfolio Recovery Associates, LLC
_____

**Defendant**

**SERVE AT:** (must include Apt. Number and Apt. Blgd. Number)

**STREET ADDRESS:**   120 Corporate Blvd
**CITY, STATE & ZIP CODE**   Norfolk, VA 23502

---

**SPECIAL INSTRUCTIONS:**
Serve Portfolio Recovery Associates, LLC at 120 Corporate Blvd Norfolk, VA 23502