IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON KINNER, | No. 4:22-CV-01948 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant. | |

MEMORANDUM OPINION

APRIL 5, 2023

## I.   INTRODUCTION AND BACKGROUND

Plaintiff Sharon Kinner filed suit against Defendant Portfolio Recovery Associates, LLC ("PRA") for violating Pennsylvania's Dragonetti Act, 42 Pa. C.S. § 8351, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, by wrongfully suing her in a prior civil action for nonpayment of a debt without probable cause to do so.

In July 2018, PRA sued Kinner in the Court of Common Pleas of Bradford County, Pennsylvania.[1] PRA's complaint alleged that Kinner failed to repay credit card debt but did not allege the amount of debt, the days of the relevant charges, any potential credits, and information regarding interest.[2] In response, Kinner filed

---

[1]   Compl., Doc. 1-2 ¶ 6.
[2]   *Id.* ¶¶ 6-7.

preliminary objections to PRA's complaint.[3] The Court of Common Pleas sustained her objections, and PRA filed an amended complaint, still without supporting information as to the charges and debts involved.[4] Kinner again filed preliminary objections and the Court of Common Please again sustained them.[5] After the court's second order, PRA discontinued its civil action against Kinner.[6]

Kinner then sued PRA in the Court of Common Pleas of Bradford County, alleging that PRA's prior debt-collection action against her was not based on probable cause, violating the Dragonetti Act (Count I),[7] and that PRA misrepresented its intention to prove to Kinner's alleged debts, violating the FDCPA (Count II)[8]. Kinner began her suit by filing a praecipe for writ of summons in state court on February 25, 2022.[9] She then filed her Complaint on October 31, 2022[10] and mailed it to PRA on November 5, 2022[11]. PRA's agent for service of process, CSC, received Kinner's Complaint on November 8, 2022.[12]

On December 7, 2022, PRA removed Kinner's suit to this Court, citing the Court's federal-question jurisdiction over Count II, which alleges a violation of

---

[3]  *Id.* ¶ 11.
[4]  *Id.* ¶ 12; *see id.* ¶ 13.
[5]  *Id.* ¶¶ 15-16.
[6]  *Id.* ¶ 17.
[7]  *Id.* ¶¶ 18-27.
[8]  *Id.* ¶¶ 28-37.
[9]  State Ct. Dkt. Sheet, Doc. 8-4.
[10] *Id.*
[11] Proof of Service, Doc. 10-1 ¶ 3.
[12] Notice of Service of Process, Doc. 12-1.

federal law.[13] On December 19, 2022, PRA mailed its Notice of Removal to Kinner and to the Court of Common Pleas.[14] The Court of Common Pleas, however, docketed a default judgment against PRA on December 21, 2022.[15] Once it received the Notice of Removal, the court docketed it on December 28, 2022.[16]

Kinner now moves to remand this matter back to the Court of Common Pleas.[17] Both Kinner and PRA have filed their initial briefs, and the time for Kinner's reply has expired. Therefore, the motion is ripe for disposition. For the following reasons, the Court denies Kinner's motion.

## II. DISCUSSION

### A. Motions to Remand

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[18] When faced with a motion for remand, "the party asserting federal jurisdiction . . . bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."[19] "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'"[20]

---

[13] Notice of Removal, Doc. 1.
[14] Decl. of Jessica White, Doc. 12-2 ¶¶ 2-4.
[15] State Ct. Dkt. Sheet, Doc. 8-4.
[16] Id.
[17] Mot. to Remand, Doc. 8.
[18] 28 U.S.C. § 1441(a).
[19] *Federico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).
[20] *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

**B.     Kinner's Motion to Remand**

Kinner argues that PRA's removal is procedurally improper for two reasons. First, it argues that PRA failed to timely remove this action because it filed its Notice of Removal more than thirty days after Kinner served PRA with the Complaint by mailing it to CSC, PRA's agent, pursuant to Pennsylvania Rule of Civil Procedure 440.[21] Second, Kinner argues that PRA failed to timely notify the Court of Common Pleas that it removed Kinner's action in a prompt manner, evidenced by the fact that the Court of Common Pleas docketed a default judgment against PRA before it received PRA's notice of removal.[22]

In response, PRA argues that the proper trigger for the thirty-day-period for removal is the day it actually received Kinner's Complaint, not the day Kinner served the Complaint by mailing it to CSC.[23] It therefore argues that it also promptly notified the Court of Common Pleas, as it sent its notice of removal to that court twelve days after it filed its Notice of Removal and the court docketed it twenty-one days after it filed its Notice of Removal.[24]

Under 28 U.S.C. § 1446(b), a defendant must file its notice of removal within thirty days after receiving, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which" the action is based or within

---

[21]   Kinner Remand Br., Doc. 10 at 3-4.
[22]   *Id.* at 4-5.
[23]   Opp. Br., Doc. 12 at 3-7.
[24]   *Id.* at 8-9.

thirty days after service of summons on the defendant if the initial pleading was filed in a jurisdiction that does not require it to be served on the defendant. The defendant has the shorter of those two periods.[25] "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court . . . ."[26]

The Supreme Court of the United States reviewed the relevant legislative history of section 1446 in *Murphy Brothers v. Michetti Pipe Stringing, Inc.*[27] The Court explained that when Congress originally enacted section 1446(b), "a defendant could remove a case any time before the expiration of her time to respond to the complaint under state law."[28] As "that time limit varied from State to State, however, the removal period correspondingly varied."[29] Congress responded to that variance by amending the removal statute to "reduce the disparity" in removal deadlines.[30]

The Court noted however, that in some states, like New York (and Pennsylvania), "service of the summons commenced the action, and such service

---

[25] 28 U.S.C. § 1446(b).
[26] § 1446(d).
[27] 526 U.S. 344 (1999).
[28] *Id.* at 351.
[29] *Id.*
[30] *Id.*

could precede the filing of the complaint."[31] Under the then-valid version of section 1446(b), "the period for removal in such a State could have expired *before* the defendant obtained access to the complaint."[32] That circumstance led Congress to amend section 1446 to allow a defendant to file a notice of removal "within twenty days [now thirty days] after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[33] The *Murphy Brothers* Court therefore held "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."[34]

As referenced above, Pennsylvania allows a plaintiff to commence a civil action by filing a praecipe for a writ of summons or a complaint.[35] It is settled that a writ of summons cannot serve as the initial pleading under section 1446(b) as it tells a defendant nothing about the nature of an action, much less the action's removability.[36] Pennsylvania Rule of Civil Procedure 440 provides that a plaintiff

---

[31] *Id.*; *see* Pa. R.C.P. 1007 (allowing a plaintiff to commence a civil action by complaint or by a praecipe for writ of summons).
[32] *Murphy Bros.*, 526 U.S. at 351 (emphasis in original)
[33] *Id.* at 351-52 (quoting Act of May 24, 1949, § 83(a), 63 Stat. 101) (alterations in original).
[34] *Id.* at 347-48.
[35] Pa. R.C.P. 1007.
[36] *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222 (3d Cir. 2005) (citing *Murphy Bros.*, 526 U.S. at 348).

can serve a complaint on a defendant by mail, and that the plaintiff's service is effective upon mailing.

Kinner argues that the thirty-day period in which PRA could remove began on November 5, 2022, the day that Kinner served her Complaint on PRA by mailing it to CSC pursuant to Rule 440.[37] That would give PRA a deadline of December 5, 2022 to remove the matter, which two days before PRA did remove the matter on December 7, 2022.

PRA argues that the operative day is the day CSC actually received the Complaint, which is November 8, 2022.[38] Using November 8, 2022 as the trigger, PRA would have had until December 8, 2022 to remove this matter and its December 7, 2022 Notice of Removal would be timely filed.

Therefore, the question is whether the day CSC actually received Kinner's Complaint (November 8, 2022) or the day that Kinner effectively served the Complaint by mailing it pursuant to Rule 440 (November 5, 2022) triggers PRA's thirty days to remove the matter.

In support of its position that the operative day is November 8, 2022, PRA cites to several cases concluding that service on statutory agents does not trigger the removal clock because no defendant would have actual notice of the claims against until the statutory agent mailed the pleading to the defendant, which could happen

---

[37] *See* Remand Br., Doc. 10 at 3-4.
[38] *See* Opp. Br., Doc. 12 at 3; Notice of Service, Doc. 12-1.

days after the statutory agent received the pleading.[39] The Court finds those cases somewhat persuasive but notes one material difference. The cases PRA cites to involve statutory agents, and "[t]he defendant's statutory agent is not the defendant."[40] Unlike a statutory agent, an appointed agent for the service of process—like CSC—is a traditional agent governed by traditional principles of agency. CSC *could* have the power to remove a matter on PRA's (the principal) behalf. Although that is unlikely to be the case, it simply depends on the scope of CSC's agency, which the record does not divulge.

Two decisions from this Court are of note. In *Equimed, Inc. v. American Dynasty Surplus Lines Insurance Co.*, my former colleague, the Honorable John E. Jones III, confronted a situation in which the defendant actually received the complaint four days after it was served by mail under Rule 440.[41] The defendant then removed the action thirty days after its receipt of the complaint.[42] The plaintiff argued that the defendant's removal was untimely as it occurred thirty-four days after service of the complaint was effective, beyond the thirty-day deadline set by section 1446(b) and the three-day extension for documents served by mail provided

---

[39] *See id.* at 3-7 (citing *Pilot Trading Co. v. Hartford Ins. Grp.*, 946 F. Supp. 834, 835 (D. Nev. 1996); *Burton v. Cont'l Cas. Co.*, 431 F. Supp. 2d 651, 655 (S.D. Miss. 2006)).
[40] *Benson v. Bradley*, 223 F. Supp. 669, 672 (D. Minn. 1963) (cited in *Pilot Trading*).
[41] 2011 WL 398566, at *2 (M.D. Pa. Feb. 1, 2011). It is unclear exactly what Judge Jones relied upon to determine the day the defendant actually received the complaint, but it appears that the defendant introduced evidence of the date it actually received the complaint.
[42] *Id.*

8

by Federal Rule of Civil Procedure 6.[43] Judge Jones rejected the plaintiff's argument based on section 1466's explicit reference to receipt of a pleading and not service of it and *Murphy Brothers*.[44]

In *Craul v. Wal-Mart Stores East, LP*, my colleague, the Honorable Christopher C. Connor adopted the report and recommendation of Magistrate Judge Mildred E. Methvin.[45] Magistrate Judge Methvin confronted a situation wherein the civil action's removability was apparent when the plaintiff filed an answer to the defendant's new matter.[46] The plaintiff served the answer by mail under Rule 440 and argued that the day of service triggered the defendant's thirty days to remove.[47] The defendant claimed that it did not receive the answer until five weeks after the answer was mailed, after which it removed the matter.[48] Magistrate Judge Methvin also applied the "usual time of three business days for receipt" of a document by mail, and concluded that the defendant's removal was untimely because it occurred far beyond thirty days after the defendant presumably received the complaint based on the mailbox rule (three days after the plaintiff mailed it).[49]

---

[43] *Id.*
[44] *Id.* at *3 ("[Section] 1446(b), which dictates the procedures to be followed in removal actions, provides that the issue is not one of service, but of receipt.") (citing 526 U.S. at 354).
[45] *Craul v. Wal-Mart Stores E., LP*, 2012 WL 6823181, at *1 (M.D. Pa. Nov. 29, 2012), *report and recommendation adopted*, 2013 WL 105347 (M.D. Pa. Jan. 9, 2013).
[46] *Id.* at *5.
[47] *Id.*
[48] *Id.* at *6. It appears that the defendant in *Craul* did not have sufficient evidence to prove that it actually received the pleading five weeks after it was mailed.
[49] *See id.*

9

The Court therefore discerns the following rule: when the removing defendant has evidence to show the date of actual receipt that is sufficient to overcome the presumption that it received the document three days after it was mailed, the date of actual receipt controls and therefore triggers the defendant's thirty days to remove. However, when there is insufficient evidence of the date of actual receipt, the date of presumed receipt—three days after the plaintiff mails the document—controls and triggers the thirty-day period for removal.

Here, PRA has provided undisputed evidence that it actually received Kinner's Complaint on November 8, 2022.[50] That date is the same date for its presumed receipt of the Complaint, which occurred three days after November 5, 2022, the day Kinner mailed the Complaint.[51] PRA therefore had thirty days following November 8, 2022 to remove this matter. It did so by filing its Notice of Removal on December 7, 2022, twenty-nine days after November 8, 2022.[52] Therefore, its Notice of Removal was timely.

PRA then notified the Court of Common Pleas on December 19, 2022, twelve days after it filed its notice of removal. The Court concludes that notifying the state court twelve days after filing a notice of removal is prompt notice of removal under section 1446(d).

## III.  CONCLUSION

---

[50] Notice of Service, Doc. 12-1.
[51] *See* Pa. R.C.P. 106 (explaining how time is computed).
[52] *See id.*

For the foregoing reasons, Kinner's motion to remand is denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge