UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON KINNER,<br><br>    Plaintiff<br><br> v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>    Defendant. | CIVIL ACTION NO. 4:22-CV-01948<br><br>(MEHALCHICK, J.) |

## MEMORANDUM

Before the Court are cross motions for summary judgment filed by Plaintiff Sharon Kinner ("Kinner") and Defendant Portfolio Recovery Associates LLC ("PRA"). (Doc. 25; Doc. 26). Kinner initiated this action by filing a complaint asserting claims for violations of the Dragonetti Act ("Dragonetti Act") and the Fair Debt Collection Practices Act ("FDCPA") in the Court of Common Pleas of Bradford County on February 25, 2022.[1] (Doc. 1-1; Doc. 1-2). On December 7, 2022, PRA removed this case to the United States District Court for the Middle District of Pennsylvania. (Doc. 1). For the following reasons, Kinner's motion for summary judgment shall be **DENIED**. (Doc. 25). PRA's motion for summary judgment shall be **GRANTED**. (Doc. 26).

---

[1] The alleged FDCPA violations ended on February 20, 2020. (Doc. 27, at 9). Kinner did not bring this claim until February 25, 2022. (Doc. 27, at 9; Doc. 1-1; Doc. 1-2). The parties do not dispute that the FDCPA claim is time-barred pursuant to the statute's one-year statute of limitations. (Doc. 26, ¶¶ 7-9; Doc. 27, at 8-9; Doc. 31, at 14); 15 U.S.C. § 1692k(d). Therefore, PRA's motion for summary judgment regarding the FDCPA claim is **GRANTED**. (Doc. 26).

**I.     BACKGROUND AND PROCEDURAL HISTORY**

PRA is a registered Delaware Limited Liability Company that provides credit services to consumers. (Doc. 30-1, at 2-3). Kinner alleges that PRA violated Pennsylvania's Dragonetti Act and the FDCPA when PRA filed a lawsuit against Kinner in the Court of Common Pleas of Bradford County, Pennsylvania, on July 27, 2018 ("the Underlying Action"). (Doc. 1-2; Doc. 26-1, ¶ 2; Doc. 30-1). In the Underlying Action, PRA alleged Kinner was delinquent on a credit card account PRA acquired from a third party. (Doc. 26-1, ¶ 2; Doc. 29, ¶ 1; Doc. 30-1, ¶¶ 3-11). In response to PRA's first complaint, the Court of Common Pleas of Bradford County sustained Kinner's preliminary objections and granted PRA leave to amend the complaint on November 18, 2018. (Doc. 26-1, ¶¶ 4-6; Doc. 29, ¶¶ 4-5; Doc. 30-3; Doc. 30-2, at 2). PRA filed an amended complaint, and Kinner filed preliminary objections to PRA's amended complaint on May 3, 2019. (Doc. 26-1, ¶¶ 5-7; Doc. 29, ¶¶ 6-8; Doc. 30-4, at 2-4; Doc. 30-6, at 1-4). The Court of Common Pleas of Bradford County again sustained the objections to the amended complaint on September 19, 2019. (Doc. 26-1, ¶¶ 7, 9; Doc. 29, ¶ 9; Doc. 30-7, at 2). PRA did not file a second amended complaint and instead filed a praecipe to discontinue the action without prejudice on February 28, 2020. (Doc. 26-1, ¶ 10; Doc. 26-6, at 2).

Kinner then initiated the instant action by filing a complaint against PRA in the Court of Common Pleas of Bradford County alleging violations of the Dragonetti Act and FDCPA on February 25, 2022. (Doc. 1-1; Doc. 1-2). PRA removed the matter to this Court on December 7, 2022. (Doc. 1). The parties filed cross motions for summary judgment on March 4, 2024. (Doc. 25; Doc. 26). Both motions for summary judgment have been fully briefed and are ripe for disposition.

**II.    MOTION FOR SUMMARY JUDGMENT LEGAL STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." *See* M.D. Pa. L.R. 56.1.

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249.

Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential) ("[U]nsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); *Nat'l Labor Rel. Bd. v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) ("[The plaintiff's] testimony . . . amounts to an unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment.").

### III. DISCUSSION

"The Pennsylvania General Assembly has codified the common law cause of action for malicious use of civil proceedings at 42 Pa.C.S.A. §§ 8351, *et seq*." *Bobrick Corp. v. Santana*

*Products, Inc.*, 698 F. Supp. 2d 479, 491 (M.D. Pa. 2010). This legislation applies to individuals who act "in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based." 42 Pa. C.S.A. § 8351(a)(1); *see Bobrick Corp.*, 698 F. Supp. 2d at 491. A Dragonetti Act is made up of the following two elements:

> (a) **Elements of action**.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [sic]:
>
>> (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>> (2) the proceedings have terminated in favor of the person against whom they are brought.
>
> *Babul v. Therapeutics*, No. CV 15-2937, 2018 WL 994217, at *1 (E.D. Pa. Feb. 21, 2018) (quoting 42 Pa. Cons. Stat. § 8351).

The statute also explicitly outlines the plaintiff's burden of proof in such claims. 42 Pa. C.S.A. §8354. Specifically, the Act provides:

> In an action brought pursuant to this subchapter the plaintiff has the burden of proving, when the issue is properly raised that:
>
>> (1) The defendant has procured, initiated or continued the civil proceedings against him.
>>
>> (2) The proceedings were terminated in his favor.
>>
>> (3) The defendant did not have probable cause for his action.
>>
>> (4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.
>>
>> (5) The plaintiff has suffered damages as set forth in section 8353 (relating to damages).
>
> 42 Pa. C.S.A. §8354

Courts in the Third Circuit have noted that "[a]s the statute indicates, [a p]laintiff cannot succeed in maintaining a Dragonetti action without proving that the proceedings terminated in his favor, and that [d]efendants did not have probable cause to support the underlying litigation." *Babul*, 2018 WL 994217, at *2. Failure to prove either that an action did not terminate in her favor or that a defendant did not have probable cause to bring the underlying litigation necessarily results in a failure by the plaintiff to carry her burden of proof. *See Hyldahl v. Denlinger*, 661 F. App'x 167, 172 (3d Cir. 2016) (affirming a district court's grant of summary judgment to a defendant after the district court found that the underlying action did not terminate in the plaintiff's favor); *Baker v. Moon Area Sch. Dist.*, No. 2:15-CV-1674, 2019 WL 2583144, at *11 (W.D. Pa. Jan. 29, 2019) (recommending the dismissal of Dragonetti Act claims because the complaint did not raise the reasonable inference that the underlying proceedings terminated in a plaintiff's favor and declining to further analyze the elements of a Dragonetti Act claim), *report and recommendation adopted,* No. CV 15-1674, 2019 WL 1552052 (W.D. Pa. Apr. 10, 2019); *Babul*, 2018 WL 994217, at *2; *see also Gigli v. Palisades Collection, L.L.C.*, No. 3:CV-06-1428, 2008 WL 3853295, at *12 n.11 (M.D. Pa. Aug. 14, 2008) (noting that a plaintiff must prove all elements, including that an underlying proceeding terminated in his favor, in order to move past the summary judgment stage on a Dragonetti Act claim).

Thus, in this matter, the cross motions for summary judgment turn on whether the Underlying Action terminated in Kinner's favor. Kinner argues that the Underlying Action was terminated in her favor because the Court of Common Pleas of Bradford County sustained her preliminary objections to PRA's complaint twice and PRA failed to amend its complaint for the second time within the court's 30-day window. (Doc. 25, ¶¶ 2-10; Doc. 30,

at 6). Kinner submits that PRA's praecipe to discontinue was not voluntary because "[a] last-second withdrawal or dismissal in the face of imminent defeat is not favorable to [Defendants]." (Doc. 30, at 6) (citing *Bannar v. Miller*, 701 A.2d 242, 247-48 (Pa. Super. Ct. 1997)). PRA disputes that the underlying proceedings were terminated in Kinner's favor. (Doc. 32, at 3-5). Specifically, PRA argues that "voluntarily dismissing a suit without prejudice—as PRA did in the [Underlying Action]—'does not constitute a 'favorable termination'. . ."(Doc. 32, at 3) (citations omitted). Further, PRA submits that it did not file its dismissal "on the eve of trial [or] in the face of imminent defeat." (Doc. 32, at 4).

"Pennsylvania courts carefully consider all of the circumstances of a [. . .] withdrawal of an action before determining whether there was a 'favorable termination' for Dragonetti purposes." *Hyldahl v. Denlinger*, 124 F. Supp. 3d 483, 487-88 (E.D. Pa. 2015). In doing so, courts "have held specifically that, unless the voluntary withdrawal of the prior case was 'tantamount to an unbidden abandonment of a claim brought in bad faith,' the discontinuance of the underlying action does not constitute a favorable termination in favor of the Dragonetti Act plaintiff." *LabMD, Inc. v. Tiversa Holding Corp.*, 785 Fed. App'x. 74, 78 (3d Cir. 2019) (quoting *Contemporary Motorcar Ltd. v. MacDonald Illig Jones & Britton LLP*, No. 783 WDA 2012, 2013 WL 11253857, at *4 (Pa. Super Ct. Sept. 19, 2013). However, "Pennsylvania courts have concluded that a withdrawal of proceedings is a favorable termination when the withdrawal occurred 'on the eve of trial' and the circumstances indicated that the withdrawal was a 'last-second dismissal in the face of imminent defeat.'" *Hyldahl*, 661 Fed. App'x. at 171 (quoting *Bannar v. Miller*, 701 A.2d 242, 248 (Pa. Super. Ct. 1997).

In the Underlying Action, the Court of Common Pleas of Bradford County sustained Kinner's preliminary objections to PRA's amended complaint and gave PRA 30 days to file

7

a sound amended complaint on September 18, 2019. (Doc. 30-7, at 2). PRA did not file an amended complaint but filed a praecipe to discontinue without prejudice thereafter on February 20, 2020. (Doc. 26-6, at 2; Doc. 33, ¶¶ 9-10). The Court finds that the voluntary dismissal was at the pleading stage of litigation and would not be "tantamount to an unbidden abandonment of a claim brought in bad faith." (Doc. 32, at 4-5); *LabMD*, 785 Fed. App'x. at 78 (quoting *Contemporary Motorcar Ltd.*, 2013 WL 11253857, at *4); *see Contemporary Motorcar Ltd.*, 2013 WL 11253857, at *3-5 (finding that discontinuing a lawsuit in its preliminary stages is not considered "imminent defeat"). Therefore, because the voluntary dismissal did not occur "on the eve of trial" such that this Court would consider it a "last-second dismissal in the face of imminent defeat," the Court is convinced that the Underlying Action did not terminate in Kinner's favor. Doc. 32, at 4-5; Doc. 26-6, at 2; Doc. 33, ¶¶ 9-10); *Hyldahl*, 661 Fed. App'x. at 171(quotations omitted). As such, Kinner has not carried her burden and cannot survive the summary judgment stage based on this finding alone.[2]

Having found that Kinner has failed to meet her burden in showing that the Underlying Action terminated in her favor, PRA is entitled to summary judgment on Kinner's

---

[2] Further, Kinner argues PRA's failure to file an amended complaint in the allotted time provided by the Court in its September 18, 2019 Order closed the case. (Doc. 30, at 6; Doc. 32, at 3-5). However, neither party points to any evidence in the record that the case was closed at that time. (Doc. 30, at 6; Doc. 32, at 3-5). Instead, the praecipe to discontinue filed by PRA terminated the litigation of the Underlying Action. *Hionis v. Concord Tp.*, 973 A.2d 1030, 1034-36 (Pa. Comm. Ct. 2009) (finding that a lapsed order striking a complaint and granting leave to amend is not a final order and instead that there must either be a final order from the court or a praecipe to discontinue from the plaintiff for the case to be considered terminated); *see May v. Doe*, 269 A.3d 1286, 1288-89 (Pa. Commw. Ct. 2022) (holding that a dismissed complaint granting leave to amend is not a final order). The Underlying Action did not terminate until PRA filed its praecipe to discontinue. *See Hionis*, 973 A.2d at 1034-36; *see also May*, 269 A.3d at 1288-89. Thus, PRA's praecipe to discontinue the Underlying Action rather than the lapsed amendment deadline in the Order issued by the Court of Common Pleas of Bradford County sustaining Kinner's preliminary objections terminated the case.

Dragonetti claim. *See Hyldahl*, 661 F. App'x at 172 (holding that a defendant is entitled to summary judgment on a Dragonetti claim when the underlying action did not terminate in the plaintiff's favor). Accordingly, Kinner's motion for summary judgment shall be **DENIED**. (Doc. 25). PRA's motion for summary judgment shall be **GRANTED**. (Doc. 26).

### IV.    CONCLUSION

Based on the foregoing, Kinner's motion for summary judgment shall be **DENIED**. (Doc. 25). PRA's motion for summary judgment shall be **GRANTED**. (Doc. 26). Plaintiff's complaint is **DISMISSED with prejudice**. (Doc. 1-2). The Clerk of Court is directed to **CLOSE** this case. An appropriate Order follows.

Dated: March 14, 2025                              *s/ Karoline Mehalchick*
                                                   **KAROLINE MEHALCHICK**
                                                   **United States District Judge**